IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

FEB 13 1976

JANE F. GORDON, CLERK

DEPUTY CLERK

| | |
|---|---|
| GLENNIE WIGGINS, et al., ) | |
| Plaintiffs, ) | |
| vs. ) | CIVIL ACTION NO. 75-57-S |
| R. H. HOLLIS, JR., et al., ) | |
| Defendants. ) | |

## CONSENT DECREE

This Class Action was filed on June 3, 1975, challenging various employment practices and procedures by the City of Dothan, Alabama. More particularly, the Plaintiffs claimed that black persons were being discriminated against by the City on the basis of race in the City's recruiting, hiring, promoting, assigning, and testing practices. On the 28th day of July, 1975, the Defendants filed their Answer denying that any of them had discriminated against or were discriminating against the named Plaintiffs or any members of the class they represent.

NOW, in resolution and settlement of all pending claims and allegations, and without adjudication of the merits, the Parties agree to the entry of and to be bound by the following Order and Decree:

I.

It is ORDERED, ADJUDGED AND DECREED that all of the Defendants, including the City of Dothan, the Citizens Supervisory Committee, the Personnel Board, and the City Commission, their agents, assigns, employees, successors in office, and all those acting in concert or participating with them, be and the same are hereby permanently enjoined from discriminating on the basis of race against the named Plaintiffs and the members of the class they represent in recruiting, hiring, promoting, assigning, and testing all job applicants and/or City employees.

II

It is further ORDERED, ADJUDGED AND DECREED:

A. The Citizens Supervisory Committee shall be expanded so that at least 25% of the organizations and clubs comprising the CSC shall have substantially black memberships. The following four organizations with predominantly black members shall be added immediately to the Citizens Supervisory Committee:

1. The Dothan Chapter of the National Association for the Advancement of Colored People,
2. The Dothan Elks Club (Black),
3. The Young Men's Civic Club of Dothan,
4. The Renaissance Wives' Club.

B. The City will immediately commence an affirmative action recruitment program designed to attract qualified applicants from the black community. In addition to continuing its present affirmative action recruitment policies and efforts, the City will:

1. Advertise all positions (classified and unclassified) and publicize all employment tests in the Dothan Eagle, in block form, three times in a ten day period, prior to the filling of the position or the taking of the test. In addition, each classified position, each supervisory unclassified position, and each employment test shall, prior to its filling or taking, be publicized at least three times in a ten day period on WDIG radio in Dothan.

2. Each job or test announcement shall include the expression "the City of Dothan is an equal opportunity employer M/F".

3. The City shall establish a speaker's bureau, comprised of the Mayor, City Commission, the Personnel Board, the Personnel Director, and the City's EEO Officer, which will schedule and present talks to black civic, social, fraternal, church, and civic groups in Dothan about job opportunities for blacks with the City.

4. Commence recruitment efforts at the predominantly black colleges and universities in Alabama, including Tuskegee and Alabama State University.

5. Include pictures of black persons and black employees in all promotional literature prepared by or for the City of Dothan.

C. The City will immediately initiate the following changes and reforms in its job testing policies and practices:

1. Continue present test validation efforts, including but not limited to, preparing valid task analyses, evaluation forms, etc.

2. Stop using the present entry level police and fire entry level written tests and the police sergeant written promotional test. The City will immediately employ police and fire testing experts agreed to by the parties, and allow those persons to develop a job related test and/or screening device for the three positions which will comply with E.E.O.C. requirements. The screening device for the position of sergeant will consist, in addition to a written test, of evaluations, on-the-job performance, etc. to be determined by the testing expert and the Chief of the Police Department.

3. Continue evaluating and validating each of the other employment tests given by the City until all tests have been shown to be job related in accordance with E.E.O.C. standards and guidelines in existence at the time of the entry of this Decree.

4. Implement a remedial program to help job applicants prepare for police and fire written promotional tests. This would include advice and guidance from the Department Head on books and resource materials which will be of assistance in preparing for promotional tests and/or screening devices. The Department Head shall also be responsible for providing such books and resource materials to interested applicants.

D. The City shall appoint one person to act as EEO Officer for the City. The person holding this position shall be responsible to defendants for implementing the provisions of this Decree and the provisions of the "Affirmative Action Plan". This individual shall further be responsible to defendants for ensuring that all employment tests and screening devices used by the City are validated in accordance with EEOC guidelines, for ensuring that the provisions of this Decree and the "Affirmative Action Plan" are being complied with, for receiving, processing, and following up on any complaints of racial discrimination made by any black applicant, employee, and/or community person, and for preparing a "Personnel Policy Manual" for the City's EEO program.

E. The Defendant Police Chief and Defendant Fire Chief, their employees, successors in office, and all persons acting in concert with them shall:

1. Be enjoined from discriminating against black employees in assignments.

2. Be required to cross-train and assign black employees in the same manner that white employees are cross-trained and assigned.

3. Be enjoined from discriminating against black employees in on-the-job training and schooling.

4. Be required to train and send to schools, training sessions, etc. black employees on the same basis as white employees.

5. Be required to assign and allow black employees to patrol and serve all sections of the City of Dothan.

6. Be required to see that black employees and white employees shall drive, eat, sleep and work together while on duty.

7. Be enjoined from using the word "nigger" or any other deprecatory term for a black person.

8. Be required to accord black employees all of the rights and privileges given white employees, including, but not limited to, shift assignments, work schedules, etc.

F. The City shall establish a procedure whereby each time a black applicant or black employee is referred by the Personnel Board for a position and is not hired, the appointing authority shall be responsible for explaining, in detail, his reason for not hiring the black person. This explanation shall be in writing and shall be forwarded to the EEO officer who shall satisfy himself that the reasons given are valid and nondiscriminatory. If the EEO officer is not so satisfied, then he shall report the matter to the Personnel Board which shall investigate the matter, conduct a hearing with notice to all parties, and thereafter be authorized to direct the appointment if the Board determines an applicant has been rejected or discriminated against because of his race.

G. The present promotion register for the position of Sergeant in the Dothan Police Department shall be abolished and the Police Chief of the City of Dothan shall be authorized to make provisional appointments for such positions until an acceptable validated written test and/or screening device can be developed for use in filling this position. The Plaintiff Williams will receive a provisional appointment within 30 days as a Sergeant in the Dothan

Police Department, with all the rights and privileges and duties of any other Sergeant, and when the validated written test and/or screening device have been developed, he will then take such written test and, if he achieves a passing grade, he shall retain the position of Sergeant. In the event the Plaintiff Williams does not pass such written test, he may be demoted from the position of Sergeant or assigned to such other positions in the Dothan Police Department as the Police Chief deems appropriate at such time.

H. The "Affirmative Action Plan" previously prepared and filed by the City of Dothan with the Court, in the case styled Yelverton v. Driggers, Civil Action No. 1305-S (M.D. Ala.), shall be made a part of and shall be incorporated into this Consent Decree. All of the Defendants shall be required to comply with the provisions of this "Affirmative Action Plan".

I. Defendants shall file with the Court and with Plaintiffs' counsel on an annual basis for a period of four years from the date of the entry of this Decree, a report outlining the extent of compliance with the terms and provisions of this Decree.

J. The City shall pay all court costs and expenses incurred by Plaintiffs in this litigation and shall pay Plaintiffs' attorney a reasonable attorney's fee.

DONE this the 13th day of February, 1976.

_____
United States District Judge

_____
Attorney for the Plaintiffs

_____
William G. House

_____
Attorneys for the Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
JUL 20 1976
JANE P. GORDON, CLERK
BY _____
DEPUTY CLERK

GLENNIE WIGGINS, et al., )
)
    Plaintiffs, )
)
VS. ) CIVIL ACTION NO. 75-57-S
)
R.H. HOLLIS, JR., et al., )
)
    Defendants. )

## JOINT PETITION TO MODIFY CONSENT DECREE

Come now the Parties, by and through their attorneys, and respectfully petition the Honorable Court to modify and amend Paragraph "B." of the Consent Decree, entered and approved by the Court on February 13, 1976, in the following manner:

    B.    The City will immediately commence an affirmative action recruitment program designed to attract qualified applicants from the black community. In addition to continuing its present affirmative action recruitment policies and efforts, the City will:

    1.  Fill positions (classified and unclassified) as follows:

    (a)  LABORERS (Unclassified). Place requests for laborers with the Alabama State Employment Service for the required number of laborers needed as vacancies occur and are to be filed.

    (b)  ENTRY LEVEL POSITIONS (Classified). All openings and vacancies for entry level positions with the City of Dothan will be advertised in The Dothan Eagle in block form at least three (3) times and will be broadcast in spot announcements on WDIG Radio at least three (3) times during the ten (10) day period immediately prior to the giving of employment tests for said position and/or the filling of said position. Additionally, all City departments will be notified by memorandum to be posted on Department Bulletin Boards of entry level positions that are vacant and are to be filled.

(c) CLASSIFIED VACANCIES (Other Than Entry Level) OR CLASSIFIED PROMOTIONS.

    (1) All vacancies and/or promotions for classified positions, other than entry level classified positions, shall be advertised internally in all Departments within the City. Such positions will be advertised by the posting of Memoranda on all Department Bulletin Boards at least ten days prior to the cut-off date for applying for said position. Said Memoranda, which are to be prepared and issued by the City's Personnel Department, shall give information regarding the position, including, but not limited to, the name of the position, minimum qualifications for the position, and the closing date for receiving applications for said position.

    (2) In the event there are no interested or qualified individuals who apply for announced vacancies, said positions will then be announced and advertised as indicated in Paragraph "1.(b)" above (Entry Level Positions).

(d) DEPARTMENT HEADS (Unclassified).

    (1) Vacancies for Department Heads shall be advertised internally within the City Departments in the same manner as provided for in Paragraph "1.(c)(1)" above. In the event there are no interested or qualified individuals who apply for the announced Department Head vacancy, said position will then be advertised in the manner described in Paragraph "1.(b)" above, and, if necessary to seek out and attract professionally qualified individuals, said position shall further be advertised in State/National professional periodicals and publications. All these actions may be initiated concurrently if time is a critical factor.

(e) VACANCIES FOR SPECIFIC CITY OFFICIALS (Unclassified).

    (1) Vacancies for the following positions and offices: (A) Officers elected by popular vote; (B) Principals, Supervisors, Teachers and Instructors engaged in supervising or teaching in the Public Schools of the City of Dothan, along with all other Employees of the City Board of Education; (C)

Independent Contractors receiving their remuneration from public funds under contract awarded by competitive bidding; (D) Attorneys, Physicians, Surgeons and Dentists employed in their professional capacities; (E) the Judge of The City's Municipal Court(s); and (F) Members of Boards, who are not employed on a full time basis and are not required to devote their entire services to the City, are excluded from the scope of this Paragraph. Vacancies for said positions shall, of course, be filled in such manner as to fully comply with the laws of the State of Alabama and of the United States and with the various federal court decrees governing said positions.

Respectfully submitted,

*[signature]*

Howard A. Mandell
125 Washington Avenue
P.O. Box 1904
Montgomery, Alabama 36103

ATTORNEY FOR PLAINTIFFS

*[signature]*

Oakley Melton, Jr.
P.O. Box 1267
Montgomery, Alabama 36102

*[signature]*

William G. Hause
The City of Dothan
Dothan, Alabama 36301

ATTORNEYS FOR DEFENDANTS